# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARILYN CARTER ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| LINDON W. ELLIS ) | |
| ) | Case No. 13-2259-CM-DJW |
| and ) | |
| ) | |
| KELLOGG COMPANY ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Marilyn Carter (Carter) filed a two-count complaint in this case against defendants Lindon W. Ellis (Ellis), a co-worker of plaintiff and against defendant Kellogg Company (Kellogg), her employer. In Count 1, she sets forth a claim against defendant Kellogg only, for damages for violation of Title VII of the Civil Rights Act of 1964. In Count 2, she sets forth a claim against defendant Ellis only, for liability based upon the tort of outrage under Kansas law.

On June 24, 2013, a Summons issued by the Clerk of the Court and a copy of the Complaint were served upon defendant, Lindon W. Ellis, by hand delivery by a Wyandotte County Deputy Sheriff, as evidenced by the Return of Service filed with the Clerk of the Court on July 5, 2013 (Doc. 3). Pursuant to Fed.R.Civ.P. 12(a)(1)(A)(i), defendant Lindon W. Ellis was required to file a responsive pleading within 21 days after date of service, or by July 15, 2013. Defendant Ellis failed to file an answer or otherwise respond to plaintiff's complaint.

On October 21, 2013, Carter applied for a Clerk's Entry of Default against defendant Ellis (Doc. 12). On October 22, 2013, the Clerk of the Court entered default against defendant

1

Ellis (Doc. 15). Carter then filed her motion for default judgment against defendant Ellis, mailing copies to Ellis' last known addresse. (Doc.20). As of the date of this order, defendant Ellis has not filed a responsive pleading.

Once default is entered, a defendant is deemed to have admitted the plaintiff's well pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The entry of default judgment by the court is governed by Rule 55(b)(2). That rule permits the court to conduct hearings when, to enter a judgment the court needs to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed.R.Civ.P. 55(b)(2). On February 26, 2014, the court conducted a hearing to determine the amount of plaintiff's damages. Carter appeared and testified at the damage hearing. Defendant Ellis did not appear at the damage hearing.

Under Kansas law, the tort of "outrage" results when one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another. *Taiwo v. Vu*, 822 P.2d 1024, 1029, 249 Kan. 585, 592 (Kan. 1991). Proof of four elements is required to establish the cause of action: (1) The conduct of defendant must be intentional or in reckless disregard of plaintiff; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between defendant's conduct and plaintiff's mental distress; and (4) Plaintiff's mental distress must be extreme and severe. *Id*. In her complaint, plaintiff alleged the following:

(a) In 2009, Ellis came up behind Carter at defendants' bakery, identified herein, and reached around her and grabbed both of her breasts stating "I want some of that";

(b) In 2011, Ellis ran his hand up Carter's leg and grabbed her crotch telling Carter "that things hot." Carter slapped Ellis in the face and pushed him away.

2

        Carter reported this incident to Kellogg and Keebler management and was told To "stay away from him, you know he is a pervert."

    (f)    In April, 2012, Ellis came up behind Carter and quickly rubbed her shoulders While rubbing his penis against her through her clothing. Carter elbowed Ellis In the abdomen and told him "don't ever touch me again."

Carter also testified about Ellis' conduct at the damage hearing.

The conduct of Ellis was so outrageous in character and so extreme in degree as to go beyond the bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized society. While Carter has not sought the treatment of a physician or other health care provider, she did testify that she felt she was forced to leave a more desirable job assignment that she enjoyed so that she would not have to work alone with Ellis in an isolated area of her workplace. Carter testified that she feared working with Ellis. Carter also testified about how she had cried at work, lost sleep, was upset and had suffered severe emotional distress. Finally, the conduct of Ellis itself, as set forth in the complaint and as testified to by Carter, is important evidence that plaintiff's distress existed. *Taiwo*, 822 P.2d at1031, 249 Kan. at 595.

Carter also testified that she earned approximately $50,000.00 per year and that Ellis was paid at least that amount per year as they were at the same pay rate. Carter further testified that Ellis had stated to her just recently that he had touched another female co-worker in an offensive manner. This evidence, and the repeated offensive contacts by Ellis set forth above, support the fact that Ellis acted with reckless disregard for the rights of Carter and now continues to act with reckless disregard for the rights of others and that punitive damages are warranted in this case.

Based upon the factual allegations in the complaint and based upon the testimony of Carter, the court finds that defendant Ellis is liable to Carter for actual and punitive damages

3

based upon the tort of outrageous conduct, injuring Carter and causing her to sustain damage in the form of severe emotional distress as set forth above. Based upon the testimony of Carter, the court finds Carter should be awarded judgment for actual damages against defendant Ellis in the amount of $75,000.00 and that Carter should be awarded judgment for punitive damages against defendant Ellis in the amount of $50,000 together with her costs incurred herein and post-judgment interest at the statutory rate.

IT IS THEREFORE ORDERED this 28th day of February, 2014, that plaintiff's Motion for Default Judgment (Doc. 20) is GRANTED. The court directs the Clerk to enter default judgment against Defendant Lindon W. Ellis a/k/a Lyndon W. Ellis in the amount of $75,000.00 in actual damages, $50,000.00 in punitive damages, to award plaintiff her costs incurred herein and to award post-judgment interest at the statutory rate.

IT IS SO ORDERED.

s/ Carlos Murguia
CARLOS MURGIA
United States District Judge